Elizabeth D. Tate AZ Bar No. 32659

2953 N. 48th Street

Phoenix, AZ 85018

Telephone (602) 670-4653

E-mail: attorneyelizabethtate@yahoo.com

Fax (602) 670-4653

Attorney for Plaintiff Librado Rodriguez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

**Librado Rodriguez, Plaintiff**

                            **Case # : 2:19cv04389**

    **v.**

**Kevin Spoljarick, individually**

**and in his official capacity**

**Rick Chairez, individually and in**

**His official capacity**

**City of El Mirage**

**Defendants.**

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Librado Rodriguez, by Elizabeth D. Tate, his undersigned attorney of record, submits this First Amended Complaint for relief and

Demand for Jury Trial against Defendants Kevin Spoljarick, Rick Chairez and City of El Mirage pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3,7(a)1, 8(a) and 38 (a,b)

## 1. Plaintiff's Claim Count One: Federal Civil Rights Act 42 U.S.C. 1983: Violation of Fourth Amendment prohibition against excessive force against all Defendants.

## 2. The Parties, Jurisdiction and Venue

1. Plaintiff Librado Rodriguez ("Rodriguez") is, and has always been material to this complaint:

(A) an adult male resident of Maricopa County Arizona and a citizen of the United States of America

2. Defendant Kevin Spoljarick ("Spoljarick") and Defendant Rick Chairez ("Chairez") are and have always been material to this First Amended Complaint:

(A) police officers employed with the City of El Mirage

3. The City of El Mirage, (" El Mirage") is a municipal corporation which has established the City of El Mirage Police Department to serve and protect the residents of El Mirage.  El Mirage is the employer of Spoljarick and Chairez.  El Mirage is responsible for Spoljarick and Chairez's violation of Rodriguez's Fourth Amendment Rights under the *Monell* theory of respondeal superior. The officers acted pursuant to El Mirages policy of failing to discipline its officers that violate Constitutional rights and a policy of excessive force employed by its officers and a policy of failing to address citizen's complaints.

4. All events alleged herein occurred within Maricopa County in the State of Arizona.

5. This Court has personal jurisdiction over the parties based upon the foregoing facts.

6. This Court has subject matter jurisdiction for all the claims herein, pursuant to 28 U.S.C. 1331 (since it arises from federal law) and 28 U.S.C. 1343(a) (subsects. 1 & 4).

### 3. Additional Allegations Supporting Plaintiff's claim

7. On October 30, 2018 at 0651 hours, Rodriguez was sleeping in the passenger seat of a Saturn car located at 14329 N. 29th Avenue in the City of El Mirage.  Chairez approached Rodriguez purportedly to conduct a welfare check on Rodriguez.  When the officers approached him, Rodriguez exited the vehicle and identified himself. The officers never conducted their welfare check as stated in their police reports.  Instead, Defendant Chairez said to Rodriguez that he needed to verify that the Saturn belonged to him.  The officers ran a record check that revealed that Rodriguez driver's license was suspended.  Immediately, the demeanor of the officers changed.

8. Defendant Spoljarick became aggressive yelling at Rodriguez, "I observed you driving yesterday!" You were driving that car yesterday!" Rodriguez denied driving the car and attempted to explain but every time Rodriguez attempted to say a word, Defendant Spoljarick interrupted him, yelling, "You were driving that car yesterday!" Mr. Spoljarick aggressively moved his body closer and closer to Rodriguez.  Frighten by Spoljarick's menacing movements, Rodriguez decided to run.  Rodriguez started to run a short distance then suddenly stopped and raised his hands in surrender.

9. Defendants Spoljarick and Chairez ignored Rodriguez's surrender and tackled Rodriguez, slamming him to the pavement.  Spoljarick forcefully grabbed Rodriguez's right arm while Chairez forcefully grabbed Rodriguez's left arm and applied deadly force breaking Rodriguez's right

clavicle.  Rodriguez screamed in pain.  The Defendants then began to laugh and mock Rodriguez saying they found drugs on Rodriguez.

10. The Defendants then had Rodriguez transported to Westgate Medical Center in El Mirage.  After receiving medical treatment, Rodriguez was taken to El Mirage jail and booked for being in possession of drugs. Rodriguez complained that he was still in pain from the tackle and the deadly force the Defendant officers applied to his right clavicle. Once released from custody, Rodriguez sought treatment form the Core Institute. An  x-ray revealed a mid-shaft clavicle fracture. The injury inflicted by Defendants Spoljarick and Chairez appears to be permanent.

11. The Defendants acted under color of state law in their capacity as El Mirage police officers and their acts and omissions were conducted in the scope of their official duties as police officers.  Rodriguez had a clearly established Constitutional right to be secure in his person and free from unreasonable seizure and excessive force.  Defendants knew Rodriguez's Constitutional Rights were clearly established at  the time.  Defendants use of force was a violation of Rodriguez's clear Constitutional rights and was objectively unreasonable.

12.  The Defendants use of force was malicious, reckless and deliberately indifferent to Rodriguez's federal rights and Defendants' use of force shocks the conscious and violates the Fourth Amendment. Defendants' use of force constituted deadly force and did in fact cause serious bodily injury.  The Defendants acts were the moving force behind Rodriguez's injuries.  Rodriguez suffered actual physical and emotional injuries and other damages to be determined by the trier of fact.

13. Rodriquez is entitled to punitive damages against the Defendant officers only because their acts perpetrated against him were done maliciously, willfully and/or with reckless disregard of Rodriguez's Constitutional rights.

14. Spoljarick and Chairez deprived Rodriguez of his Fourth Amendment rights pursuant to a custom or policy of El Mirage's deliberate indifference by failing to discipline Spoljarick and Chairez and its other officers like them that violate Constitutional rights.  Rodriguez attempted to report the matter through El Mirage's citizen complaint process,  but El Mirage thwarted his efforts by assigning an officer to investigate that had a conflict because he was on the scene of Rodriguez's arrest. This policy of not disciplining officers who commit constitutional violations and failing to properly investigate is citizen's complaints was the moving force behind Rodriguez's injuries. Had El Mirage not engaged in such polices, Spoljarick and Chairez would not have been emboldened to violate Rodriguez's rights.

### 4**.  Demand for Jury Trial**

Plaintiff Rodriguez demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, FRCP Rule 38(a, b) and 42 U.S.C. 1981a(c)

### 5. Relief Requested

Based upon the foregoing, Plaintiff Rodriguez requests judgment and orders granting him the following relief against the Defendants:

### Count One 42 U.S.C. 1983:

1. Compensatory damages, including inter alia, emotional distress, physical injuries and general tort damages in an amount to be determined by the trier-of-facts
2. Punitive damages against Defendant Spoljarick and Chairez only
3. Injunctive relief to be determined by the Court
4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b)(c) FRCP Rule 54(d)(2) and LRCiv Rule 54.2, LRCiv Rule 54.1 and 28 U.S.C 1920

Respectfully submitted this 11th day of December 2019

/s Elizabeth D. Tate