Elizabeth D. Tate State Bar No. 032659
Elizabeth D. Tate Attorney at Law, PLLC
2953 N. 48th Street
Phoenix, AZ 85018
Telephone (602) 670-4653
Fax (602) 595-5959
attorneyelizabethtate@yahoo.com

Attorney for Plaintiff Librado Rodriguez

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Librado Rodriguez,<br><br>                    Plaintiff,<br><br>v.<br><br>Kevin Spoljarick, individually and in his official capacity, et. al.<br><br>                    Defendants. | Case No. 2:19cv04389<br><br>**PLAINTIFF'S MOTION FOR FEDERAL CIVIL PROCEDURE RULE 37(c) SANCTIONS** |

Pursuant to Federal Civil Procedure Rule 37(c) Plaintiff by counsel, Elizabeth D. Tate, requests an Order from the Court sanctioning Defendants for failing to provide complete and truthful answers during the process of discovery and states the following in support thereof:

1. On February 27, 2020, Plaintiff propounded to Defendants 9 Interrogatories pursuant to Rules 33 and 26 (b & g).
2. On April 30, 2020, Defendants provided unverified and inaccurate information regarding Interrogatory No. 6 that stated: "The Defendants have denied First Amended Complaint ("FAC") paragraphs 8 and 9. List any and all steps, actions or investigation that nay of the Defendants has undertaken in response to or as a result of Plaintiff's

allegations stated in his FAC and any citizen's complaint made by Plaintiff".

3. Defendants answered as follows: "Objection. Vague and unsupported by any facts or documents produced in this litigation. Without waiving objection, after a reasonable and diligent search, Defendants have no record of Plaintiff filing a citizen complaint with the El Mirage Police Department on or after October 30, 2018. The El Mirage Police Department's standard practice is initially have a supervisor speak with complaining citizen to try to resolve the complaint and if the complaint remains unresolved, the Supervisor then gives a complaint form to the complaining citizen (*See* El Mirage Police Department Citizen Complaint Form attached hereto as Exhibit 1). If a complaining citizen fills out and returns the form, Deputy Director Michael Ashley then reviews the form and then pursues further investigation or action if appropriate. This procedure is consistent with El Mirage Police Department Policy 5-01 which states:

1. Supervisors will promptly investigate all incidents of misconduct alleged, observed, or suspected.
    a. Supervisors will contact citizen complainants within 24 hours of receiving the complaint.
    b. When an employee is suspected of misconduct, the employee's immediate supervisor will conduct the investigation.
        - Supervisors will not look to a higher authority to initiate investigations when the employee involved is within the scope of their own authority and responsibility.

4. Plaintiff's counsel conducted the deposition of the Defendant police officers on July 7, 2020. At this time, counsel learned that Defendants possessed a supervisor report authored by Officer Witte and signed off

2

by Lieutenant Randy Stewart that documents Plaintiff's citizen complaint that should have been referred to in Defendants' Response to Interrogatory No. 6. (See Exhibit 1 attached to this Motion) This omission was not inadvertent because in Interrogatory No. 9 Plaintiff asked Defendants to "State the name, job title, and employer of each person who has provided information used to answer any of these interrogatories" Defendants listed that Randy Stewart as a person who supplied information to answer the Interrogatories. Stewart who had personal knowledge of the memo because he signed it but failed to disclose it.

5. In addition, Defendants also failed answer discovery completely and truthfully when producing documents. Plaintiff request in Request for Production No. 7 that Defendants produce "All documents, reports, complaints, investigations or communications or writings or electronic information or data in any form pertaining to the arrest, booking, incarceration and release from custody of the Plaintiff on the date alleged in the FAC when he claimed his rights were violated. Defendants responded, "All records responsive in this request within Defendants or control have been produced in this litigation".

6. This was not true because on July 7, 2020, Defense Counsel identified for the first time that a body cam video of Stg. Witte existed that had not been produced. Also, on that date, Plaintiff's counsel learned from Defendant Chairez that he had a body cam video. Defense counsel claimed it had been turned over during MIPD but Plaintiff's counsel's form of the MIPD production only had 5 body cam videos from Defendant Spoljarick. Once produced, the Chairez body cam video depicted Officer Chairez who testified that he weighs 185 pounds on

3

       top of Plaintiff who only weighs about 115 pounds which tends to prove Plaintiff's claim of excessive force when Officer is broke his collar bone.

7. On or about July 8, 2020, Plaintiff's counsel informed Defense Counsel that his clients did not provide verifications to their Interrogatory responses and gave Defense counsel until close of business to provide the verification which to this very day have not been provided.

8. Plaintiffs have been prejudiced by Defendants' incomplete and untruthful responses to discovery. Defendants robbed Plaintiff of the opportunity to question Defendant Chairez about his placing his full body weight on top of slight Plaintiff. Defendants robbed Plaintiff of the opportunity to question both Defendants Chairez Spoljarick about Witte's report. Both Defendants Chairez and Spoljarick testified that they were not disciplined for their actions.

9. Plaintiff has to prove that El Mirage engaged in a policy of not disciplining its officers and failing to investigate citizens' complaints. El Mirages outright misrepresentation that it possessed no record of Plaintiff's citizen complaint and withholding important videos cripples Plaintiff because he must now prove El Mirage did not investigate his citizen's complaint without any record of his having made one.

10. Rule 37 permits the Court to award sanctions for violation of the discovery rules. Plaintiff requests that the court sanction Defendants in the amount of attorney's fees to pursue this Motion and that the jury be instructed at trial that the Defendants withheld the Witte and Chairez videos and Stg. Witte's report.

Wherefore Plaintiff respectfully requests that his Motion for Sanctions be granted along with all further proper relief.

4

Dated on July 21, 2020.   Respectfully submitted,

Elizabeth D. Tate Attorney at Law, PLLC


By:  /s/ Elizabeth D. Tate
Elizabeth D. Tate
2953 North 48th Street
Phoenix, Arizona 85018
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

/s/ Elizabeth D. Tate
Elizabeth D. Tate